OPINION
{¶ 1} Appellant, Kerry Gerber, and appellee, Wendy Gerber, were married on December 15, 1987. On May 12, 2003, appellee filed a complaint for divorce. A trial was held on December 8, 2003. On January 29, 2004, the trial court issued findings of fact and conclusions of law, dividing the parties' separate and marital property including the marital residence, and stating the trial court will not retain jurisdiction over the issue of spousal support. A final decree of divorce was filed on January 29, 2004 wherein the trial court retained jurisdiction over the issue of spousal support.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "The trial court committed prejudicial error in its findings of marital and separate property."
 II {¶ 4} "The trial court decree and the findings of fact and conclusions of law are inconsistent in the continuing jurisdiction of spousal support."
 III {¶ 5} "The trial court abused its discretion if it did not retain jurisdiction with regard to spousal support."
 I {¶ 6} Appellant claims the trial court erred in dividing the marital residence equally after erroneously determining the parties had stipulated that the residence was "marital property." We agree.
 {¶ 7} In its Finding of Fact No. 4, the trial court found the following:
 {¶ 8} "There is a residence stipulated to be marital property located at 1126 Delverne Avenue, SW, Canton, Ohio, which is in the name of both Plaintiff and Defendant. (Exhibit 9) Both Plaintiff and Defendant are listed on the mortgage. (Exhibit 10)"
 {¶ 9} At the commencement of the trial, the parties agreed the nature of the residence as separate or marital property was an issue. T. at 3, 29. In fact, it is undisputed the residence was owned by appellant prior to the marriage. T. at 8, 29. The issue was whether the residence became marital property through some actions as gifting or joint input to the property. T. at 8-9, 16-17, 29-30, 41.
 {¶ 10} Upon review, we find the trial court erred in stating the residence was stipulated as martial property. By accepting this false assumption, the findings and conclusions do not conform with R.C. 3105.171(D) which states as follows:
 {¶ 11} "Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse."
 {¶ 12} The matter is reversed and remanded to the trial court to enter findings on whether the residence is separate or marital property and to order disbursement consistent with those findings.
 {¶ 13} Assignment of Error I is granted.
 II, III {¶ 14} Appellant claims there is an inconsistency between the findings of the trial court and the decree of divorce filed January 29, 2004. We agree.
 {¶ 15} In Conclusion of Law No. 22, the trial court specifically stated, "Spousal support is not subject to the continuing jurisdiction of the Court." The decree of divorce states, "The Court retains jurisdiction over the issue of spousal support."
 {¶ 16} During oral argument, both parties agreed they wanted the trial court to retain jurisdiction on the issue of spousal support; therefore, we find the decree of divorce controls.
 {¶ 17} Assignment of Error II is granted. Assignment of Error III is moot.
 {¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby reversed and remanded.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is reversed and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided evenly between appellant and appellee.