OPINION
{¶ 1} Defendant-appellant Kerry L. Gerber [hereinafter appellant] appeals from the April 7, 2005, and May 4, 2005, Judgment Entries of the Stark County Court of Common Pleas, Domestic Relations Division, which granted a divorce to appellant and plaintiff-appellee Wendy L. Gerber [hereinafter appellee], distributed assets and addressed spousal support.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on December 15, 1987. On May 12, 2003, appellee filed a complaint for divorce. A trial was held on December 8, 2003. On January 29, 2004, the trial court issued Findings of Fact and Conclusions of Law which concerned the division of the parties' separate and marital property, including the marital residence, and spousal support. Those findings and conclusions stated that the trial court would not retain jurisdiction over the issue of spousal support. A Decree of Divorce was filed on January 29, 2004. In that Decree, the trial court stated that it retained jurisdiction over the issue of spousal support.
 {¶ 3} Defendant appealed. Specifically, defendant-appellant challenged the trial court's finding that the parties had stipulated that the marital residence (known as the Delverne Avenue property) was marital property and challenged the inconsistency between the trial court's Findings and Conclusions and the Divorce Decree as to whether the trial court retained jurisdiction over spousal support. Upon review, this court reversed and remanded the case with instructions to "enter findings on whether the [parties' marital] residence [was] separate or marital property and to order disbursement consistent with those findings." Gerber v. Gerber, Stark App. No. 2004CA00054, 2004-Ohio-7268, ¶ 12. In addition, this court held that the trial court retained jurisdiction on the issue of spousal support. Id. at ¶ 16.
 {¶ 4} On remand, the parties submitted new proposed findings of fact and briefs in support of those proposed findings. On April 7, 2005, the trial court adopted appellee's proposed findings, captioned "Amended Notice of Filing [sic] of Fact and Conclusions of Law," as the trial court's own findings. On May 4, 2005, the trial court sua sponte revised the Amended Notice of Finding of Facts and Conclusions of Law in regard to spousal support.
 {¶ 5} It is from the April 7, 2005, and May 4, 2005, Judgment Entries that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTA-PPELLANT BY FINDING THE DELVERNE AVENUE PROPERTY TO BE MARITAL PROPERTY. SAID FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AN ABUSE OF DISCRETION.
 {¶ 7} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTA-PPELLANT BY FINDING THE CLEVELAND AVE., S.W. PROPERTY TO BE THE SEPARATE PROPERTY OF APPELLEE-WIFE. SAID FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AN ABUSE OF DISCRETION.
 {¶ 8} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, AND ABUSED ITS DISCRETION, IN ITS DETERMINATION OF SEPARATE AND MARITAL PROPERTY THAT RESULTED IN A GROSSLY INEQUITABLE DISTRIBUTION OF PROPERTY TO THE DETRIMENT OF DEFENDANT-APPELLANT."
 {¶ 9} Appellant's first and second assignments of error concern the characterization of property as marital or separate property. Characterization of property as separate or marital property is a mixed question of law and fact which must be supported by sufficient, credible evidence. See Kelly v. Kelly,111 Ohio App.3d 641, 676 N.E.2d 1210. The party seeking to establish an asset as separate property must show by a preponderance of the evidence that the asset is separate property and present evidence to trace the asset to existing separate property. R.C. 3105.171;[1] Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 709 N.E.2d 208; Peek v. Peek (1994),96 Ohio App.3d 731, 645 N.E.2d 1300; Bartak v. Bartak (March 4, 1993), Cuyahoga App. No. 61913, 1993 WL 58613. It is pursuant to these standards of review that we will address appellant's assignments of error.
 I {¶ 10} In the first assignment of error, appellant contends that the trial court erred when it found that the marital residence, known as the Delverne Avenue property, was entirely marital property. We disagree.
 {¶ 11} Admittedly, appellant purchased the Delverne Avenue property prior to the marriage. The trial court found that the Delverne Avenue property, which was used as the marital property, was marital property because appellee was on the title and the mortgage, the wife helped pay the mortgage from the parties' joint checking account and she wallpapered, painted and contributed to the windows and vinyl siding replaced.
 {¶ 12} Generally, property acquired by one spouse prior to the marriage is separate property. R.C. 3105171(A). Further, passive appreciation to the value of separate property, for example, an increase in value due to inflation or location, is also considered separate property. However, an increase in value due to repairs or improvements performed by either spouse during the marriage or by payment on the mortgage principal with marital funds is marital property.
 {¶ 13} In this case, appellant testified that he purchased the home for $47,000.00 in 1978, about nine years before the marriage. Appellant claimed that he made significant improvements to the property prior to his marriage. The parties married in 1987. At the time of the divorce, in December, 2003, the property was valued at $115,000.00. At that point, the parties owed about $14,000.00 on a mortgage.[2] Last, appellee claimed that she contributed to the replacement of windows and vinyl siding, as well as decorating and upkeep of the house.
 {¶ 14} As the party seeking to have the property and any appreciation of value classified as separate property, appellant bore the burden to prove the value of the separate property and to prove that the increased value of the property is passive. Appellant failed to meet this burden. Appellant testified to the purchase price of the property. However, appellant failed to testify as to the equity he had in the property prior to the marriage. Further, there was no evidence regarding the value of the property at the time of marriage or whether any increase in this value during the marriage was due to passive factors or the actions of the parties. Because appellant failed in this burden, we find appellant's first assignment of error fails.
 {¶ 15} Appellant's first assignment of error is overruled.
 II {¶ 16} In the second assignment of error, appellant argues that the trial court erred when it found that the "Cleveland Avenue property," was the separate property of appellee. We agree.
 {¶ 17} In this case, the trial court found that appellee owned a piece of real property located on Cleveland Avenue, S.W., Canton, Ohio, referred to as the "Cleveland Avenue property", prior to the marriage. The trial court found that appellee received approximately $40,000 from the sale of the property. The trial court found that the $40,000 was appellee's separate property.
 {¶ 18} Evidence showed that appellee initially kept the proceeds from the sale of the property separate except for investing some of it in two IRA's, one in appellee's name and one in appellant's name, identified as the Strong Funds.[3] The Strong Funds continued to exist and were found to be marital property and were divided as part of the divorce proceedings. The rest of the funds, were not traced to existing, separate assets. The funds were invested in investment accounts that no longer existed and were used to purchase assets which no longer existed.
 {¶ 19} Upon review, we find that the $40,000.00 was not traced to existing, separate property, other than the Strong Funds. Accordingly, we find that the trial court's finding that the $40,000 was separate property was not supported by sufficient, credible evidence.
 {¶ 20} For the foregoing reasons, appellant's second assignment of error is sustained.
 III {¶ 21} In the third assignment of error, appellant contends that the trial court erred and abused its discretion when it determined separate and marital property in a way that resulted in a grossly inequitable distribution of property. We find this issue to be moot in light of our holding in assignment of error II.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby reversed and the matter is remanded for further proceedings.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for further proceedings. Costs assessed to appellee.
[1] Revised Code 3105.171(A) states as follows, in relevant part:
"As used in this section: . . .
"(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following: . . .
"(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
"(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage; . . .
"(b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable."
[2] Subsequent to the marriage, appellant quit claimed half of his interest to appellee and appellee signed a mortgage of the property.
[3] Appellant testified that he added funds to the initial Strong Fund investment.