OPINION
{¶ 1} Appellant Lisa Shewring nka Stocker appeals from her divorce from Appellee Gregory W. Shewring in the Fairfield County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on May 19, 1994. No children were born of the marriage. On August 25, 2000, appellant filed a complaint for divorce. Appellee subsequently filed an answer, and the matter proceeded to a trial before a magistrate on May 13, August 21, and December 17-18, 2002.
 {¶ 3} The magistrate issued a decision on December 18, 2003. A divorce was granted, with no spousal support ordered as to either party. The magistrate also ruled on property issues. In pertinent part, the marital residence at 13220 Sheffield Road, Pickerington, Ohio, was found to be marital property and awarded to appellant. Magistrate's Decision at 5.
 {¶ 4} In addition, a parcel of residential real estate in Weechi Wachee, Florida, which the parties were purchasing via land contract from the vendors, William and Elvira Dinsmore, was addressed by the magistrate as follows:
 {¶ 5} "The residence located and knows (sic) s (sic) 6691 Island Drive, Weechi Wachee, Florida shall be listed for sale and sold forthwith. The residence shall be listed for sale with Paula Morton of Coastline Realty Services, Inc. The realtor shall set the listing price of said real estate. Each party shall execute all contracts and perform all acts necessary to sell said residence. Until the sale, Defendant shall be entitled to exclusive occupancy of said residence. He shall maintain said real estate in a showable condition and he shall not commit waste during his occupancy. Until the sale Defendant shall pay and save Plaintiff harmless for all payments associated with said real estate, including real estate taxes, insurance, utilities and assessments thereon. Defendant shall pay and save Plaintiff harmless from all maintenance up to $500 for said property. All other maintenance determined by the realtor as necessary to sell said residence shall be evenly divided between the parties.
 {¶ 6} "At the time of the sale, the parties shall satisfy the outstanding balance of the land contract owed to the Dinsmores, the real estate taxes, home insurance and assessments thereon and all necessary costs of sale. The Defendant shall then receive a credit for any attorney fees which he advanced, with the remaining proceeds of sale to be equally divided by the parties." Tr. at 5-6.
 {¶ 7} Appellant thereafter filed objections pursuant to Civ.R. 53. On August 12, 2005, the trial court issued a judgment entry overruling appellant's objections and adopting the magistrate's decision.
 {¶ 8} On September 13, 2005, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE REAL ESTATE WAS APPELLANT'S SEPARATE PROPERTY.
 {¶ 10} "II. AN EQUITABLE DIVISION OF MARITAL PROPERTY REQUIRES THE TRIAL COURT TO ACCOUNT FOR PAYMENTS MADE BY APPELLANT DURING THE PENDENCY OF THE CASE."
 I. {¶ 11} In her First Assignment of Error, appellant challenges the trial court's findings that the Pickerington residence and the Florida property were marital property.
 {¶ 12} Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall . . . determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence. Zeefe v. Zeefe
(1998), 125 Ohio App.3d 600, 614, 709 N.E.2d 208. "Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion." Valentine v. Valentine (Jan. 10, 1996), Ashland App. No. 95COA01120, citing Peck v. Peck (1994)96 Ohio App.3d 731, 734, 645 N.E.2d 1300. In order to find an abuse of that discretion, we must determine the trial court's order was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 Pickerington Residence {¶ 13} R.C. 3105.171(A)(6)(a)(ii) defines separate property as any interest in real or personal property acquired by one spouse prior to marriage. "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." Gerber v. Gerber, Stark App. No. 2005CA00116, 2006-Ohio-1384, ¶ 9, f.n. 1, quoting R.C.3105.171(A)(6)(b). Under R.C. 3105.171(H), "the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property." An appellate court therefore must examine the surrounding circumstances to determine whether a spouse's execution of a joint survivorship deed transformed the real estate into marital property. Osborn v.Osborn, Trumbull App. No. 2003-T-0111, 2004-Ohio-6476, ¶ 30.
 {¶ 14} In the case sub judice, despite appellant's decision to re-title the Pickerington residence in the names of appellant and appellee via a joint survivorship deed, it was undisputed at trial that she brought a one-half interest in said realty into the marriage, having acquired the half interest as a result of her prior divorce from ex-husband Gary Pulley. Furthermore, the magistrate found that appellant was obligated per this prior divorce to purchase Mr. Pulley's half interest, which she accomplished in June 1994, just one month into her marriage with appellee. In order to buy out Pulley's interest, appellant utilized monies traceable to her Worker's Compensation awards, proceeds from the sale of her Ford van, and a tax refund. Magistrate's Decision at 2.
 {¶ 15} We note appellee herein has not filed a brief opposing this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Upon review, we find reversible error in the trial court's decision to classify the Pickerington residence as marital property rather than appellant's separate property.
 Florida Property {¶ 16} Appellant secondly contends the court erred in finding the Florida real estate to be marital property. She essentially argues that the down payment on the property can be traced to her separate funds. Nonetheless, appellant does not challenge the magistrate's finding that appellee made the periodic land contract payments on the property after October 2000. See Magistrate's Decision at 2.[1] As such, we are unpersuaded that the court erred in classifying the Florida property as marital.
 {¶ 17} Accordingly, appellant's First Assignment of Error is sustained in part and overruled in part.
 II. {¶ 18} In her Second Assignment of Error, appellant challenges the sufficiency of the court's division of property, specifically as to certain alleged debt payments by appellant during the pendency of the case.
 {¶ 19} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore, supra. R.C.3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See also Cherry,
supra, at 355, 421 N.E.2d 1293. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v. Briganti (1984),9 Ohio St.3d 220, 222, 459 N.E.2d 896.
 {¶ 20} Based on our conclusion that reversible error occurred in the classification of the Pickerington residence as marital property, the trial court's distributive award under R.C.3105.171(F) will be remanded for further review, making the arguments raised in appellant's Second Assignment of Error premature.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings on the issue of marital property division.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Costs to appellee.
[1] The record is unclear as to whether the Florida property is subject to a mortgage or is an uncompleted land contract arrangement. Our cursory review of Florida law indicates that under a land contract sale in that state, the buyer immediately receives and holds the equitable title, but the seller holds the legal title as security for the unpaid purchase price. SeeBowman v. Saltsman, (Fla. 5th DCA 1999), 736 So.2d 144, 145, citing White v. Brousseau (Fla. 5th DCA 1990), 566 So.2d 832. However, the magistrate found that the property was "titled in the joint names of [appellant and appellee]" in 1996, despite the references to a land contract arrangement with the Dinsmores. As this arrangement was not challenged per se, we will presume the regularity of the trial court's proceedings on this point.