OPINION *Page 2 
{¶ 1} Appellant Teresa Coulas appeals from the judgment of the Stark County Court of Common Pleas, Family Court Division, in which the trial court split the Federal tax exemption and held that certain monies were separate property in this divorce action. Appellee is Elias Coulas.
 {¶ 2} Appellant and appellee were married on August 31, 1997. Two children were born of the marriage: Elias Coulas (DOB 7/3/99), hereinafter referred to as "E.J." and Arianna Coulas (DOB 4/9/03). Appellant also has one emancipated child from a previous marriage.
 {¶ 3} Appellant holds a Bachelor of Arts and a Master of Arts Degree. Appellee holds a Bachelor of Arts and a Juris Doctorate Degree. Both parties are school teachers with the Canton City School System.
 {¶ 4} On December 26, 2003, E.J. was diagnosed with leukemia. After E.J.'s diagnosis, the parties agreed that Appellant would take a leave of absence from her job in order to provide the daily care necessary for E.J. As a result of the birth of their second child, coupled with the serious illness suffered by E.J., appellant did not work outside the home for two and one-half years. E.J. has been in remission, but continues to receive medical treatment on a regular basis.
 {¶ 5} Appellee filed the Complaint for Divorce on July 18, 2005. Appellant cross-filed for divorce. The trial was heard on March 1, 2006. The Magistrate's Decision was filed on April 13, 2006. Appellee filed an Objection to the Magistrate's Decision and a hearing was held on June 1, 2006. A Judgment Entry was filed remanding the matter back to the Magistrate on June 16, 2006. On July 7, 2006, the Magistrate's Decision *Page 3 
was filed. After several other motions and hearings, The Decree of Divorce was filed on August 28, 2006. A further Judgment Entry was filed on September 6, 2006 regarding funds in escrow.
 {¶ 6} Appellant appealed this decision and raised the following assignments of error::
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED AN ERROR AS TO LAW, AND WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT AWARDED A FEDERAL INCOME TAX DEDUCTION TO THE NON-CUSTODIAL PARENT.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FOUND THE SUM OF $26,937.51 TO BE A SEPARATE PROPERTY INTEREST BELONGING TO THE PLAINTIFF-APPELLEE.
 {¶ 9} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT AWARDED THE ESCROWED FUNDS TO THE PLAINTIFF-APPELLEE AS SEPARATE PROPERTY."
 I. {¶ 10} In the first assignment of error, appellant argues the trial court abused its discretion when it awarded appellee the federal tax exemption for one child. We disagree.
 {¶ 11} Our standard of review is abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In applying the abuse of discretion standard or *Page 4 
review, we may not merely substitute our judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161.
 {¶ 12} Revised Code § 3119.82 provides, in pertinent part:
 {¶ 13} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986",100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for Federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 14} In the instant case, the Magistrate's March 1, 2006 decision gave appellant the right to claim the children for Federal income tax purposes. The *Page 5 
Magistrate found: "It is in the best interest of the children for the Defendant to claim the children as dependents for the following reasons: no evidence was presented as to net tax savings; the children will be in the Defendant's care approximately 75 % of the time; and the Defendant's housing expense is greater than the Plaintiff who has no housing expense." Magistrate's Decision, Conclusions of Law, No. 14. Appellee filed an Objection to this decision, arguing the parties "make approximately the same income". The trial court reviewed the matter and ordered: "After having made an independent analysis of the facts and the applicable law, the court hereby sustains the Objection in part. . . .The Magistrate's Decision is modified to allocate the dependency tax exemption for Ariana to Deft. And the dependency tax exemption for Elias to the Plt." Judgment Entry of June 16, 2006.
 {¶ 15} Appellant then filed a Motion for Reconsideration and the trial court issued an order denying the motion to reconsider and made the following finding of fact:
 {¶ 16} "In determining whether taxes would be saved by allocating the federal tax dependency exemption to the non-custodial parent, the Court has reviewed all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled and the relevant federal, state and local tax rates. In doing so, the court finds that the allocation of the exemptions as ordered in June 16, 2006, is appropriate." Judgment Entry of July 25, 2006.
 {¶ 17} In Nist v. Nist (June 18, 2003), Delaware App. No. 02CAF11060, this Court held:
 {¶ 18} "Based on the foregoing, we find that the trial court did not abuse its discretion in awarding the income tax exemption to appellee since such decision was *Page 6 
not arbitrary, unconscionable or unreasonable. While appellant is in a higher tax bracket and would realize greater tax savings if the exemption were awarded to him, R.C. 3119.82, which became effective March 22, 2001, increases the court's discretion in determining best interests `to a level beyond that of merely net tax savings'." SeeReichman v. Reichman, Tusc. App. No. 2001AP120112, 2002-Ohio-4712, citing Tarr v. Walter, Jefferson App. No. 01 JE7, 2002-Ohio-3188."
 {¶ 19} Upon review of the record, and when considering all the statutory factors, we find appellant has not established that the trial court abused its discretion in deciding this issue. The evidence reflects that the parties' had comparable incomes, appellee was ordered to pay approximately $1,000 per month in child support, and had custody of the children at least part of the time. Although appellee had no housing expenses, he made approximately $10,000 less a year than appellant.
 {¶ 20} Considering all these factors, we find the trial court's decision finding that appellee was entitled to claim one minor child as a tax deduction was reasonable and not an abuse of discretion.
 {¶ 21} Appellant's first assignment of error is overruled.
 II., III. {¶ 22} In appellant's second and third assignments of error, she argues the trial court erred when it determined the $26,937.51 and the escrowed funds to be separate property. We agree.
 {¶ 23} Pursuant to R.C. § 3105.171(B): "[i]n divorce proceedings, the court shall . . . determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and *Page 7 
separate property equitably between the spouses, in accordance with this section." The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence.Zeefe v. Zeefe (1998), 125 Ohio App.3d 600, 614, 709 N.E.2d 208. "Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion."Valentine v. Valentine (Jan. 10, 1996), Ashland App. No. 95COA01120, citing Peck v. Peck (1994) 96 Ohio App.3d 731, 734, 645 N.E.2d 1300. In order to find an abuse of that discretion, we must determine the trial court's order was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 24} Revised Code § 3105.171(A)(6)(a)(ii) defines separate property as any interest in real or personal property acquired by one spouse prior to marriage. "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." Gerber v. Gerber, Stark App. No. 2005CA00116,2006-Ohio-1384, ¶ 9, f.n. 1, quoting R.C. 3105.171(A)(6)(b). Traceability becomes the focus in determining whether separate property has lost its character after being commingled with marital property.Peck v. Peck (1994), 96 Ohio App.3d 731.
 {¶ 25} In the case sub judice, appellee purchased a duplex on Thackery Avenue in Massillon, Ohio in 1993, prior to his marriage to appellant. (T. at 19). Appellee made a down payment of the property of $26,937.51.Id. In 2005, he sold the property and made a profit of $35,000.Id. Appellee used $33,000 to pay off the home equity loan on *Page 8 
the marital home. (T. at 20). After this payment, approximately $2,000 was left and one half was to go to each party. (T. at 20). This whole transaction occurred because of E.J.'s illness. Id. By agreement, appellant stayed home to take care of E.J. and her income was lost. The home equity loan was used for the families' living expenses due to the appellant's lost income. When appellee paid off the home equity loan with the proceeds from the sale of the duplex, the separate property no longer existed.
 {¶ 26} Appellee had a duty to prove this was separate property. Based on his testimony, the Magistrate found: "The Marital residence . . . is marital property within the meaning of R.C. 3105.171 (A)(3)(a)(i) . . . Plaintiff did not sustain his burden by a preponderance of evidence in tracing $26,937.51 of the marital equity . . . to the sale proceeds of 1815-1817 Thackery N.W. Massillon, OH 44646 which was his separate property. The commingling of marital funds destroyed the identity of the $26,937.51 down payment made on the duplex for the following reasons: 1815-1817 Thackery N.W. Massillon, OH 44646 was not in existence at the time of the final hearing; marital funds were used for over seven years to pay the mortgages on 1815-1817 Thackery N.W. Massillon, OH 44646; the debt on 1815-1817 Thackery increased by $21,902.30 ($97,559.73/$119,462.03) between the time of purchase and the time of sale; and the increased value of the duplex during the marriage was arguable marital property as the difference between the purchase price, $124,497.24 and the sale price of $160,000 was $35,502.76."
 {¶ 27} On April 13, 2006, "The Court made an independent analysis of the issues and the applicable law, hereby approves and adopts the Magistrate's Decision and *Page 9 
orders it be entered as a matter of record." Subsequent to the issue of this decision, appellee filed an Objection and the trial court then found:
 {¶ 28} "After having made an independent analysis of the facts and the applicable law, the Court hereby sustains the objection in part . . . The Court finds that the Husband did trace a pre-marital interest in the Withington property which the Magistrate failed to credit him in the division of assets. The sum of $26,937.51 is found to be separate property interest in that residence belonging to Plaintiff."
 {¶ 29} The evidence shows commingling of the funds from the separate property with the marital property and appellee failed to carry his burden to show the property was separate. The trial court arbitrarily changed its decision to reflect that appellee proved by a preponderance of evidence that the property was separate. We find this to be unreasonable, arbitrary and unconscionable since there was no new evidence before the trial court. Accordingly, appellant's second and third assignments of error are sustained. *Page 10 
 {¶ 30} The judgment of the Stark County Common Pleas Court, Family Court Division is affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings consistent with this opinion.
Delaney, J., and Farmer, J. concur.
 Hoffman, P.J. concurs in part and dissents *Page 11